**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 30 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-30523 |
| | ) | |
| Bill J. Spencer and | ) | Chapter 7 |
| Sara B. Spencer, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING
### MOTION OBJECTING TO EXEMPTIONS

This case is before the court on the Motion Objecting to Exemptions ("Objection") [Doc. # 32] filed by the Chapter 7 Trustee ("Trustee"), and Debtors' response [Doc. # 37]. The court held a hearing on the Objection that the Trustee, Debtors and their attorney all attended in person and at which the parties had the opportunity to present testimony and other evidence in support of their respective positions. In their Schedule C filed with their bankruptcy petition, Debtors claim exemptions in a "future moving bonus" under Ohio Revised Code § 2329.66(A)(18) and (A)(3).

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B).

## **FACTUAL BACKGROUND**

Debtors are married and have two dependent children. Debtor Sara Spencer works at the General Motors assembly plant in Fort Wayne, Indiana, where she has been employed since April 19, 2010. Prior to that time, she was laid off from her employment at General Motors's Defiance, Ohio, plant. However, in March 2010, she was extended an offer under the Employee Placement provisions of the collective bargaining agreement between General Motors and the United Auto Workers. [Trustee Ex. C, p. 1]. Mrs. Spencer was offered, and she accepted, the position at the Fort Wayne plant, with a starting date of April 19, 2010. In addition, she was able to choose a relocation package. [*See id.*].

Sara Spencer testified that she chose the "Enhanced Relocation" package pursuant to which she received a $30,000 relocation allowance. She further testified that this was a benefit under the collective bargaining agreement and that she received the same amount that anyone relocating to another plant and choosing the enhanced relocation package received, without regard to whether she was married or had children. The $30,000 received by Debtor was paid in three installments. The first two installments in the amounts of $6,000 and $16,000 were paid in 2010 around the time that Debtor accepted the Fort Wayne job offer. With respect to the first two installment payments, Debtor signed promissory notes requiring repayment of those amounts if she terminated her employment at the Fort Wayne location within twelve months. [*Id.* at unnumbered pp. 2-3]. General Motors treated those payments as income and they were reported on Sara Spencer's 2010 W-2 form. Likewise, Sara Spencer included them as income on Debtors' joint 2010 income tax return.

Sara Spencer received the third and final installment of the relocation allowance postpetition in April 2011. A check in the amount of $6,137.96, made payable to Sara B. Spencer for the pay period ending April 24, 2011, includes not only her hourly wages and holiday pay but also the balance owed to her under the enhanced relocation package. [Trustee Exs. A & B]. Her pay advice reports gross pay in the amount of $9,203.12, which consists of wages and holiday pay in the amount of $1,203.12 and a relocation allowance in the amount of $8,000.00. She testified that a condition of her receiving the final $8,000 installment was that she continued to work at the Fort Wayne plant for one year, which she satisfied as of April 19, 2011.

Debtors filed their Chapter 7 bankruptcy petition on February 9, 2011. They include a "future moving bonus" as personal property on bankruptcy Schedule B. [Doc. 1, p. 12, Schedule B]. On Schedule C, Debtors claim exemptions under Ohio Revised Code § 2329.66(A)(18) in the total amount of $2,300.00 and under § 2329.66(A)(3) in the total amount of $800. [*Id.*, p. 14, Schedule C].

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law are limited to the exemptions set forth in § 522(b)(3), which includes exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtor as she has been domiciled in this state for more than the 730 days preceding the date of the filing of their petition.[1] *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 38, SOFA question 15.

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Andrews*, 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are to be liberally construed in a debtor's favor. *Id.*

Ohio Revised Code § 2329.66, as modified in accordance with subsection (B) of that statute, provides that a person may exempt an amount not to exceed $425.00 in "[t]he person's interest" in "money to become due within ninety days" and may exempt an amount not to exceed $1,150.00 in "[t]he person's aggregate interest in any property." Ohio Rev. Code § 2329.66(A)(3) and (A)(18). In both instances, the Ohio exemption statute only provides for an exemption of "the person's interest" in property. The Trustee objects to Debtors' claim of exemptions under these provisions only to the extent that Debtor Bill Spencer is claiming the exemptions, arguing that he has no interest in the relocation allowance.

In response, Debtors argue only that the relocation allowance at issue was intended to reimburse the cost of relocating the entire family, which of course includes Bill Spencer. Thus, according to Debtors, both Bill and Sara Spencer are entitled to claim exemptions in the allowance. However, in order to be entitled to the exemptions, Bill Spencer himself must have an interest in the funds at issue. Whether a person has an interest in property is determined by applicable nonbankruptcy law, which, in this case, is Ohio law. *See Butner v. United States*, 440 U.S. 48, 54-55 (1979). Under Ohio law, subject to certain exceptions not applicable in this case, neither spouse "has any interest in the property of the other." Ohio Rev. Code § 3103.04.

In this case, only Sara Spencer was entitled to the relocation allowance as a benefit under the

---

[1] Although Mrs. Spencer accepted a position at a General Motors plant in Fort Wayne, Indiana, Debtors have continued to reside in Ohio.

collective bargaining agreement that covered her employment at General Motors. Bill Spencer was not a General Motors employee. Sara Spencer received the before tax relocation allowance of $8,000.00 that is at issue in a check made payable to her only and only after she fulfilled the requirement of working at the Fort Wayne, Indiana, plant for one year. Previous installments of the total $30,000.00 relocation allowance were included as income of Sara Spencer by General Motors and were included on both her 2010 W-2 form and Debtors' joint income tax return. Furthermore, Sara Spencer was entitled to the full amount of the allowance regardless of whether she was married or had a family. On these facts, the Trustee has met her burden of proving that Bill Spencer had no exemptible interest in the $8,000 relocation allowance and the Trustee's Objection will be sustained. The claimed exemptions under Ohio Revised Code § 2329.66(A)(3) and § 2329.66(A)(18) will be limited to $425 and $1,150, respectively, as exemptions to which Sara Spencer alone is entitled.[2]

The court will enter a separate order in accordance with this memorandum of decision.[3]

---

[2] The Trustee incorrectly states that the exemption amount under Ohio Revised Code § 2329.66(A)(3) is $400.00. This amount was adjusted on April 1, 2010, in accordance with § 2329.66(B) to $425.00.

[3] The court will not address any arguments not raised by the parties with respect to the funds.

4